PEARLE T. JUHLIN, *Plaintiff*, v. F. D. HUTCHINGS, as Judge of the District Court of Wyandotte County, etc., *Defendant*.

No. 18,800.

Original proceeding in mandamus. Opinion denying a rehearing filed December 6, 1913. (For original opinion, see *ante*, p. 618, 135 Pac. 598.)

*L. W. Keplinger*, and *C. W. Trickett*, both of Kansas City, for the plaintiff.

*James F. Getty*, and *Nathan Cree*, both of Kansas City, for the defendant.

### OPINION DENYING A REHEARING.

*Per Curiam:* The plaintiff, on the motion for rehearing, vigorously contends that the order issued by the defendant as judge of the district court of Wyandotte county to the plaintiff, to refrain from proceeding in an action of forcible entry and detainer pending in the city court of Kansas City until further order of the district court, is void for the reason that the judge had no jurisdiction to make the order. The contention is based upon the provision of section 253 of the civil code, which provides "An injunction shall not be granted against a party who has answered, unless upon notice;" and it is insisted that notice in such case is jurisdictional.

There are several answers to this contention. The statute referred to relates to procedure in an injunction action. This order was issued in an action to quiet title to real estate and to preserve the jurisdiction of the district court in that action. The restraining order was collateral and incident to the main action. Even in an injunction action, we can not concede that the issuance of an order of injunction after answer and without notice to the other party is absolutely void although it might be erroneous. Mandamus is not a proper remedy in this case.

The judgment, refusing the writ of mandamus prayed for, is adhered to and the petition for rehearing is denied.